UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-cv- 23576-KMW

TIGER TOOL INTERNATIONAL INCORPORATED, A CANADIAN CORPORATION,

    *Plaintiff*,

v.

ONE STOP DISTRIBUTORS LLC, A FLORIDA LLC D/B/A ONI TOOLS,

    *Defendant*.

_____/

## REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Tiger Tool International Incorporated ("Tiger Tool"), hereby files its reply in support of its Motion to Modify Scheduling Order [Dkt. 36 the "Motion"] and in response to the opposition filed by Defendant One Stop Distributors LLC ("ONI Tools") [Dkt. 37].

ONI Tools now opposes the relief to which it previously agreed and had jointly requested. ONI Tool's sudden change of tack, however, does not change the fact that a claim construction schedule should be entered in this case.

As established in Tiger Tool's Motion, claim construction is a matter of law for the Court, and that failure to issue a claim construction or "Markman" order has been considered reversible error by the Federal Circuit. Tiger Tool therefore proposed a modest modification to the existing Scheduling Order to provide for a claims construction schedule. That proposal asked the Court to order the parties to adopt exactly the same steps to negotiate claim construction issues without Court involvement as did the original proposal to which ONI Tools had earlier agreed.

Pursuant to the proposal, the parties would begin the claim construction process by making a simultaneous exchange of terms that each party thought needed construction. In subsequent phases, the parties would exchange proposed constructions of all terms, including those proposed by the other party, and meet and confer to seek agreement on construction of any disputed terms, all in an effort to resolve any claim construction questions in advance of briefing any claim construction disputes to the Court.

Despite having earlier agreed to the exact process it now opposes, ONI Tools opposes Tiger Tool's Motion on the grounds that Tiger Tools has not identified any terms that it contends require construction. Of course, identifying terms is the first step in the Markman process, not the reason to decide whether or not to begin the process. Earlier this year, ONI Tools agreed that it was appropriate in this case to use that widely accepted process for claim construction, despite that neither party had specifically identified terms for construction. The process calls for concurrent exchanges of terms and constructions to avoid gamesmanship and eliminate the opportunity for one party or the other to attempt to secure an advantage by disclosing litigation positions before its party opponent does so. The process also compels discussion and negotiation, to thereby promote concurrence, and eliminate or reduce disputes in advance of briefing the legal issues to the Court. ONI Tools' Opposition apparently demands that it gain the litigation advantage of Tiger Tool's term disclosure as a condition of now agreeing to the cooperative process it earlier jointly proposed to the Court.

Tiger Tool respectfully requests that the Court grant its Motion.

September 20, 2023.

By: */s/ Eric J. Partlow*
Eric J. Partlow, Esq.
Florida Bar No. 556531

eric.partlow@arlaw.com
gail.northwood@arlaw.com
Adams and Reese LLP
100 N. Tampa Street, Suite 4000
Tampa, FL 33602
Telephone: 813-402-2880
Facsimile: 813-402-2887

Joel B. Ard (Admitted *Pro Hac Vice*)
WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

*Attorneys for Plaintiff Tiger Tool International Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2023, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notice of electronic filing to all parties of record.

/s/ Eric J. Partlow
Eric J. Partlow